IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRIE JENKINS, # 251907, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13cv433-WC |
| | ) | (WO) |
| EDWARD ELLINGTON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

This cause is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petitioner, Larrie Jenkins, contends that the Alabama Board of Pardons and Paroles ("Parole Board") violated her constitutional rights when rescinding a grant of parole. The respondents answer that because Jenkins has yet to exhaust her available state court remedies, her federal petition should be dismissed without prejudice.  Jenkins was afforded an opportunity to demonstrate why her petition should not be dismissed for failure to exhaust state remedies but did not respond.

**DISCUSSION**

A federal petition for a writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State . . . ."  28 U.S.C. § 2254(1)(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise,

by any available procedure, the question presented." 28 U.S.C. § 2254(c).

As noted, Jenkins contends that the Parole Board violated her constitutional rights when rescinding a grant of parole. Under Alabama law, an action by the Parole Board must first be challenged by filing a petition for a writ of certiorari in the Montgomery County, Alabama, Circuit Court. *See Sellers vs. State*, 586 So.2d 994, 995 (Ala. Crim. App. 1991) ("A petition for a writ of certiorari filed in the Circuit Court of Montgomery County 'is the appropriate remedy for review of [the] actions' of the Alabama Board of Pardons and Paroles 'in reference to the granting, denying, or revocation of paroles.'"). The respondent's answer and the materials before this court indicate that Jenkins has yet to file such a petition. This court does not deem it appropriate to rule on the merits of Jenkins's claim for relief without first requiring that she exhaust the remedies available to her in the state courts. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, this court concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Jenkins can pursue her available state court remedies.

## CONCLUSION

Accordingly, the court finds that the 28 U.S.C. § 2254 petition for habeas corpus relief should be DISMISSED without prejudice because of Jenkins's failure to exhaust available state court remedies.

A separate final judgment will be entered.

Done this 27th day of September, 2013.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE